# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40357
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 12, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADRIAN RANGEL

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CR-1334-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Adrian Rangel appeals his convictions for possession with intent to distribute heroin and possession with intent to distribute cocaine, contending that the Government presented insufficient evidence to prove, beyond a reasonable doubt, that he knew of the contraband that was found by Border Patrol agents concealed inside the altered battery of his car. *See United States v. Solis*, 299 F.3d 420, 446 (5th Cir. 2002). Viewing the evidence and the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

inferences drawn therefrom in the light most favorable to the verdict, we affirm. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Construed in the Government's favor, the evidence sufficed to permit the jury to find that Rangel knew about the contraband hidden in his car's battery. *See United States v. Rodriguez*, 553 F.3d 380, 389 (5th Cir. 2008). Rangel's arguments to the contrary largely challenge the jury's decision to believe the Government's witnesses over his own exculpatory testimony and to weigh the evidence against him. We will not second-guess the jury's weight and credibility determinations, however. *See United States v. Mendoza*, 522 F.3d 482, 489 (5th Cir. 2008). Notably, the jury could reasonably find that Rangel's exculpatory explanation for the presence of the drugs in his car was implausible. *See United States v. Diaz-Carreon*, 915 F.2d 951, 955 (5th Cir. 1990).

The jury's construction of the evidence was reasonable, and its resulting decision to find Rangel guilty on each count was rational. *See United States v. Meza*, 701 F.3d 411, 422-23 (5th Cir. 2012); *United States v. Lopez-Urbina*, 434 F.3d 750, 757 (5th Cir. 2005). The judgment is AFFIRMED.